FILED
3/19/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
JAN 2 6 2024
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Joshua John Poitra #10472-059
Name and Prisoner/Booking Number

United States Penitentiary Tucson
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson, Arizona - 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF Northern, District of Illinois Western Division

Joshua John Poitra ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) The United States ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 24-50041
(To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☒ Other: Federal Tort Claim Act, Title USC § 2675 (a)

2. Institution/city where violation occurred: United States Penitentiary - Thompson

Revised 3/11/16

1

550/555

## B. DEFENDANTS

1. Name of first Defendant: *The United States*. The first Defendant is employed as: *The United States* at *USP - Thompson, Illinois*.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   as: _____ at _____.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? *2*. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: *Joshua John Poitra* v. *T, Mandeville*
      2. Court and case number: *#22 C.50231-US-District Court Northern District Illinois*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *Substiuted Lt, Dougdale and C.Horst as Defendants. Accepted on a Bivens claim.*

   b. Second prior lawsuit:
      1. Parties: *Joshua John Poitra* v. *U,S, Department of Justice - FBOP-*
      2. Court and case number: *#, 22 C. 50231-US-District Court Northern District Illinois*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *Dismissed without prejudice to refiling suit once exhausted administrative remedies and named a proper Defendant (The United States) to my FTCA claim.*

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: *(Eighth Amendment)* "Prison officials violate the Eighth Amendment against cruel and unusual punishment when they display Excessive Force against an Inmate."

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.

☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☑ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☑ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff filed a FTCA with North Central-BOP-Office on 7-19-22 and the goverments response was due on 1-18-23. Today is 1-14-24 and I still don't have any Kind of response from North Central Office. The Fedral Bureau oF Prisons is late our will not respond to the FTCA, I Filed with them. The goverments response was due 1-18-23 and they have 6-months to make an administrative determination on Plaintiffs claim. BOP-rules and regulations/ IF Plaintiff has not received a letter either proposing a settlement or denying/ the claim within six months after the claim was presented, Plaintiff may assume his claim is deinied. Plaintiff has not received any Kind of letter proposing or denying his claim and the 6-months is well past due. Therefore Plaintiff has exhausted his FTCA Plaintiff is now filing a lawsuit in the appropriate United States District Court. (Please See Attached receipt of administrative FTCA due date 1-18-23) (Please See Statement of Claim Attached Supporting the Facts of Plaintiffs case) (Please see Plaintiffs Medical records Supporting the Facts of Plaintiffs case) (Please See Bureau oF Prisons FTCA - Rules and Regulations - Technical Changes - SUBPART-C-Attached)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Plaintiffs right index finger was dislocated and fractured. T, Mandeville bent his finger back, breaking it, and causing a 1.5 inch laceration that got very infected due to the delay in treatment. Plaintiff suffered pain, infection and ongoing issues with my finger. (Please see attached Medical records)

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count I?    ☑ Yes    ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?    ☑ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiffs Administrative Claim for Damages was received on 7-19-22 The goverments response was due on 1-18-2023. The goverment never responded to the plaintiffs claim within the 6-months to make an administrative determination. The goverments response was due 1-18-2023 and never responded. (Please see Attached receipt of plaintiffs administrative claim). Therefore Plaintiff has exhausted his FTCA.

3

## E. REQUEST FOR RELIEF

State the relief you are seeking:
Money Damages for Excessive/Force/Personal Injury that Officer T.Mandeville caused. Plaintiff has sufferd Physical and Emotional Damages in the Total Amount of Two Hundred Fithy Thousand Dollars $250,000 Plaintiffs Transfer back to the State Custody of North Dakota, I'm not a FBOP inmate a State inmate from North Dakota.

Plaintiff demands that the case be tried by a jury ☒ Yes ☐ No

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1-14-24__
DATE

_____
SIGNATURE OF PLAINTIFF

____None_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

____None_____
(Signature of attorney, if any)

____None_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On Aug. 25-21 at USP-Thompson at 4:00pm Count. I Joshua, J, Poitra #10472-059 attempted to commit sucide by hanging my self in E2-Unit cell #2. I was a Mental Health care level-2 and was asking #1 OIC-Young to help me and contact psychology for me. OIC-Young would not contact psychology for me, I'm diagnosed with Anxity and Depression. On the above date and time in E-Unit cell-2 at 4:00pm Count I was hanging from a cement slab with a orange bed sheet. Officer, Monster and Officer, T. Mandville were doing 4:00pm Count and seen me hanging and called it over the radio unresponsive inmate E-2 cell-2. Officer, Monster-Officer, Mandeville - Officer, Smith and Officer, Schulartz opened my cell door without a camera video. Monster come in first with a riot sheild, Monster Hit me 2 to 3 times with the sheild well I was chocking from the bed sheet. Smith and T. Mandeville was striking me over and over with there fist, Pulled me from the cement slab where the bed sheet was tied too. Got me in the middle of the cell on my stomach Officer, Smith is got his Knee on the back of my neck

Revised 9/2007

Case: 3:24-cv-5080-LC Document #: 1 Filed: 01/26/24 Page 6 of 21 PageID #:40

Schwartz is on my back area with his Knee Knocking the wind out of me. T. Mandeville is on my legs with his Knees at this time T. Mandeville is putting his black box handcuffs on my wrist. T. Mandeville gets his cuffs on me and grabs my right index finger bends it backwards causes my finger to break and tore the inside of my finger from my Knucle to the inside of my palm, which resoulted in a 1½ inch laceration. The laceration got infected and Doctor was unable to suture laceration, Because USP-Thompson Kept me in a restraint chair and never got me the proper medical attention to stitch my finger. This altercation with these four officers lasted about one to two mineutes with no camra. At no time was I fighting back our resisting staff. The first Officer to respond to cell #2 was Lt. Dougdale. He tells the Officers the camra is coming and it's Hot, Whitch ment the camra was almost at cell-2 and was turned-on. Now right behind Lt. Dougdale was Officer Dessing live with the camra. The officers stoped assaulting me and the rest is all reorded now. By this time T. Mandeville already has his cuffs on me and broke my finger. I'm positive T. Mandeville is the officer who broke my finger. Now T. Mandeville and Smith get me to a standing position walk me out the cell backwards. (Please see attached sheet)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# (Statement of Claim Continued) pg 1 of 3

They walk me out of E2-Unit backwards to a medical room in E-Unit to be medical assessed, By medical staff C, Horst. C, Horst asked Lt, Dougdale what happin, He tells her inmate tried to kill himself. C, Horst started the assessment with the red marks on my neck, from the bed sheet. Then seen the scattered red areas on my back, From Officer, Schwartz Kneeing me on the back area when I was on the floor, Schwartz was making hard for me to breath. C, Horst then ask the officers where is all the blood coming from? They tell her his finger. C, Horst then looks at my finger with Lt, Dougdale, She could see the index finger has a 1.5 linear laceration with bloody drainage as well as deformity noted to finger. C, Horst begins to tell Lt, Dougdale "Inmate needs to go to the Hospital". All this is on video camra Officer, Dessing is got the camra. At this point Lt, Dougdale tells the nurse he needs pictures of my finger. He pulls a small camera from his pocket and begins to take photo's of my finger. He then ask ms, Horst if she was done with her assessment Ms, Horst says yes. "Please see attached Injury Assessment performed by Provider: Horst, C. RN.

   Now at this time Lt, Dougdale and the Officers walk me out the medical room backwards to E-Unit hallway. Then begin to cut my clothes off me put me in paper clothes and chains, belly chains, Blackbox handcuffs, Leg chains. Then put me in a restraint chair for 16 hours. They took me from E-Unit

# (Statement of Claim Continued) pg 2 of 3

To the Medical Unit put me in a cell and left in the restraint chair for 16 hours without the proper medical attention to stitch my finger, My finger became infected. The next day the Doctor at the Emergency Room could not suture laceration because it was infected, So the only thing he could do was reset my finger that was dislocated and fractured. And Prescribed me Amoxicillin/Clav 875MG every 12 hours for 10 days for the infected finger laceration.

(Please see attached Community Hospital Report)
-Continued-
By this time I am in the chair in a Medical cell the time is about 4:30 pm now. The Doctor from USP-Thompson comes and tells me threw the door that my finger is hurt really bad and need to go to the Emergency Room. They are not going to take me untill Lt, Dougdale decides to take me out the restraint chair Now all this is at 5:00pm Aug-25-21 they leave me in the chair untill 8:00 AM, Aug-26-21 Take me out the chair but leave me in chains still untill they take me to the Hospital in Clinton, Iowa 1:00 pm.

(Please see attached USP-Thompson Doctor Injury Assessment - Provider, Catt, Jerry - MD)

# (Statement of Claim Continued) pg 3 of 3

The Doctor at the Hospital in Clinton, Iowa does a X-ray of my finger and tells me my finger is dislocated and fractured and the cut is very infected. He can't stitch my finger because the cut happin to long ago. But he needs to reset my finger because it's dislocated. So the Doctor reset my finger put my hand in a splint. For the infected cut he puts me on a Antibiotic-IV-Bag and prescribes me Augmentin 875mg for 10days.

(Please see attached Hospital Report Provider - -Taylor,B. RN/AHSA.) Also attached Medical trip Return encounter Provider: Thulion, A. RN

Now I go back to USP-Thompson and go to sucide watch for 8-days, Untill psychology let me off watch.

I Joshua,J, Poitra certify that the facts stated are true to the best of my Knowledge, Information and Belief

January - 14 - 2024

Dated - 1-14-24          Sin, Joshua J Poitra #10472-059

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | POITRA, JOSHUA JOHN | | | Reg #: | 10472-059 |
| Date of Birth: | 03/13/1991 | Sex: M | Race: AMERICAN | Facility: | TOM |
| Encounter Date: | 08/25/2021 17:50 | Provider: Horst, C. RN | | Unit: | I01 |

Injury Assessment - Non-work related encounter performed at Health Services.

**SUBJECTIVE:**

**INJURY 1** **Provider:** Horst, C. RN

**Date of Injury:** 08/25/2021 16:00 **Date Reported for Treatment:** 08/25/2021 17:14

**Work Related:** No **Work Assignment:** SHU-UNASSG

**Pain Location:**

**Pain Scale:** 7

**Pain Qualities:**

**Where Did Injury Happen (Be specific as to location):**

Echo unit Range 2 Cell 002

**Cause of Injury (Inmate's Statement of how injury occurred):**

Inmate states, "He broke my finger".

**Symptoms (as reported by inmate):**

Inmate states, "My finger hurts".

**OBJECTIVE:**

**Exam:**

**General**
**Affect**
Yes: Anxious

**Ears**
**External Ear**
Yes: Within Normal Limits

**Neck**
**General**
Yes: Within Normal Limits

**Pulmonary**
**Observation/Inspection**
Yes: Within Normal Limits

**Cardiovascular**
**Observation**
Yes: Within Normal Limits

**Peripheral Vascular**
**Arms**
Yes: Radial Pulse Normal, Capillary Refill Normal

**Legs**
Yes: Capillary Refill Normal

**ASSESSMENT:**

Inmate Name: POITRA, JOSHUA JOHN
Reg #: 10472-059
Date of Birth: 03/13/1991
Sex: M
Race: AMERICAN
Facility: TOM
Encounter Date: 08/25/2021 17:50
Provider: Horst, C. RN
Unit: I01

Cut(s) and/or Abrasion(s)

Inmate was escorted into medical by custody following an IUOF. No chemical munitions were used. Inmate states, "He broke my finger". Inmate states, "I need to talk with psychology because I tried to hang myself. I used a sheet." Upon assessment it is noted that eyes are PERRLA. Oral mucosa intact. Neck is reddened but no definitive marks noted on neck. Inmate noted to have scattered red areas noted on back but no skin breakdown noted. Inmate states his lower back hurt upon first sitting upward but no noted marks or deformity noted. Right index finger noted to have 1.5 linear laceration adjacent to the palm with bloody drainage being expelled. Area cleansed with wound cleanser and pressure dressing applied. Inmate unable to move as well as deformity noted to finger. Skin to chest, back, arms, legs intact. Lungs are clear to auscultation anterior and posterior. Restraints and circulation are adequate to upper and lower extremities with good cap refill noted. Vital signs are stable. Will notify provider to assess right index finger. Chart reviewed. Will offer tetnus shot.

## PLAN:

### Disposition:

Follow-up at Sick Call as Needed

### Other:

Patient allergies reviewed and updates applied during this visit if indicated. See Chart: Allergies for most recent patient allergy list.

### Patient Education Topics:

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 08/25/2021 | Counseling | Access to Care | Horst, C. | Verbalizes Understanding |
| 08/25/2021 | Counseling | Plan of Care | Horst, C. | Verbalizes Understanding |

**Copay Required:** No    **Cosign Required:** Yes

**Telephone/Verbal Order:** No

Completed by Horst, C. RN on 08/25/2021 17:51

Requested to be cosigned by Fateh Hyder, Syed (MAT) Regional Medical Director/NCRO.

Cosign documentation will be displayed on the following page.

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Inmate Name: | POITRA, JOSHUA JOHN | | Reg #: | 10472-059 |
| Date of Birth: | 03/13/1991 | Sex: M   Race: AMERICAN | Facility: | TOM |
| Encounter Date: | 08/26/2021 08:30 | Provider: Catt, Jerry MD | Unit: | I01 |

Injury Assessment - Non-work related encounter performed at Health Services.

**SUBJECTIVE:**

**INJURY 1**      **Provider:** Catt, Jerry MD

**Date of Injury:** 08/25/2021 16:00      **Date Reported for Treatment:** 08/25/2021 16:30

**Work Related:** No      **Work Assignment:** SHU-UNASSG

**Pain Location:**

**Pain Scale:** 10

**Pain Qualities:** Throbbing

**Where Did Injury Happen (Be specific as to location):**

IM cell

**Cause of Injury (Inmate's Statement of how injury occurred):**

During altercation with CO staff

**Symptoms (as reported by inmate):**

Right hand pain, worse in 2nd and 3rd digit. Unable to flex index finger with effort, minimal extension possible but limited by pain. Reports sensation to touch is present on distal tip of index finger but slightly diminished. Reports pain at base on 3rd digit, worse with movement.

**OBJECTIVE:**

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 08/26/2021 | 06:30 TOM | 98.0 | 36.7 | | Garcia, V. RN |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 08/26/2021 | 06:30 | 54 | | | Garcia, V. RN |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 08/26/2021 | 06:30 TOM | 18 | Garcia, V. RN |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 08/26/2021 | 06:30 TOM | 157/100 | | | | Garcia, V. RN |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 08/26/2021 | 06:30 TOM | 100 | Room Air | Garcia, V. RN |

**Exam Comments**

Focal exam RUE/hand

Skin warm to touch, with laceration at base of index finger/MCP joint. Laceration extends across palmar surface, wrapping onto dorsum of joint. Index finger deformity noted with MCP held in hyper extension, forced flexion at PIP. Moderate circumferential swelling along index finger. 3rd digit swelling and TTP at base/MCP/prox phalanx. Cap refill

| Inmate Name: | POITRA, JOSHUA JOHN | | | | Reg #: | 10472-059 |
|---|---|---|---|---|---|---|
| Date of Birth: | 03/13/1991 | Sex: | M | Race: AMERICAN | Facility: | TOM |
| Encounter Date: | 08/26/2021 08:30 | Provider: | Catt, Jerry MD | | Unit: | I01 |

less than 2 seconds all digits. Sensation to touch intact all digits. Denies wrist pain at this time.

## ROS Comments

ROS focused on reported complaint performed. Pertinent positive and negative findings documented in the HPI

## ASSESSMENT:

Deformity of finger(s), M20009 - Current

Other disorder of the skin and subcutaneous tissue, L988 - Current

## PLAN:

### New Consultation Requests:

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|---|---|---|---|---|---|
| Emergency Room | 08/26/2021 | 08/26/2021 | Urgent | No | |

Subtype:

    Emergency Room

Reason for Request:

    Right hand pain, worse in 2nd and 3rd digit. Unable to flex index finger with effort, minimal extension possible but limited by pain. Reports sensation to touch is present on distal tip of index finger but slightly diminished. Reports pain at base on 3rd digit, worse with movement.

### Disposition:

Transfer to Local Hospital

### Patient Education Topics:

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 08/26/2021 | Not Done | | Catt, Jerry | No Participation |

**Copay Required:** No      **Cosign Required:** No

**Telephone/Verbal Order:** No

Completed by Catt, Jerry MD on 08/26/2021 10:21

# Bureau of Prisons
## Health Services
## Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | POITRA, JOSHUA JOHN | | | Reg #: | 10472-059 |
| Date of Birth: | 03/13/1991 | Sex: | M    Race:AMERICAN | Facility: | TOM |
| Note Date: | 08/26/2021 16:31 | Provider: | Taylor, B. RN/AHSA | Unit: | I01 |

Admin Note - Community Hospital Report encounter performed at Other.
**Administrative Notes:**

ADMINISTRATIVE NOTE   **1**          Provider:   Taylor, B. RN/AHSA

Report received from ER:  Right index finger was dislocated and fractured.  Unable to suture laceration.  Non-adherent dressing applied; finger splinted and wrapped.  Needs a follow-up appointment with ortho in 3-4 days.  Prescribed Augmentin 875-125 twice daily x 10 days.

**Copay Required:** No          **Cosign Required:** No
**Telephone/Verbal Order:** No

Completed by Taylor, B. RN/AHSA on 08/26/2021 16:38
Requested to be reviewed by  Catt, Jerry MD.
Review documentation will be displayed on the following page.

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: POITRA, JOSHUA JOHN | | Reg #: 10472-059 |
| Date of Birth: 03/13/1991 | Sex: M Race: AMERICAN | Facility: TOM |
| Encounter Date: 08/26/2021 17:20 | Provider: Thulion, A. RN | Unit: I01 |

Nursing - Medical Trip Return encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT **1**     Provider: Thulion, A. RN

Chief Complaint: Medical Trip Return

Subjective: Med trip return following send out for fracture of phalanx or right index finger and right hand laceration.

Pain: No

**OBJECTIVE:**

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 08/26/2021 | 17:22 TOM | 98.4 | 36.9 | Forehead | Thulion, A. RN |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 08/26/2021 | 17:22 | 78 | Via Machine | | Thulion, A. RN |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 08/26/2021 | 17:22 TOM | 18 | Thulion, A. RN |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 08/26/2021 | 17:22 TOM | 142/88 | Left Arm | | | Thulion, A. RN |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 08/26/2021 | 17:22 TOM | 97 | Room Air | Thulion, A. RN |

**Exam:**

**General**

**Appearance**

Yes: Appears Well, Alert and Oriented x 3

**Skin**

**Wound**

Yes: Clean, Dry and Intact

**Pulmonary**

**Observation/Inspection**

Yes: Within Normal Limits

No: Respiratory Distress

**Cardiovascular**

**Observation**

Yes: Within Normal Limits

No: Cardiopulmonary Distress

Inmate Name: POTRA, JOSHUA JOHN                                                                Reg #: 10472-059
Date of Birth:   03/13/1991                    Sex:     M    Race: AMERICAN    Facility:  TOM
Encounter Date:  08/26/2021 17:20              Provider:  Thulion, A. RN       Unit:      I01

---

## ASSESSMENT:

Laceration(s)

Inmate A/O x3. Vital stable. Denies pain at this time. Steady gait. Right hand/finger dressing is clean/dry/intact.

Location of the laceration: Right hand/finger
Measure size (diameter)(length x width x depth) of the wound(s): Wound wrapped in ED and dressing is to remain in place for 24hrs.

Pain: (Y/N): N
*****Pain Scale (0-10):see above
Isolation Required (Y/N): N
Cellulitis (present/ absent): N
Purulent drainage (with or without): Without
Contained in dressing (Y/N): Y
DESCRIBE ANY PERTINENT CHANGES: N/A
Location: see above
Redness: (Y/N): N
Streaking: (Y/N): N
Crepitus: (Y/N): N
Edema: (Y/N): N
PRESENCE OF:
Erythema (Y/N): N
Tenderness (Y/N): N
Purulent drainage (spontaneous or induced): NONE
Necrosis (Y/N): N
Gangrene (Y/N): N
Signs of necrotizing fascitis (Y/N): N
SIGNS OF SYSTEMIC INFECTION INCLUDING:
Fever (Y/N): N
Unstable vital signs (Y/N): N
Streaking from the infection site (Y/N): N
Rapid spread of inflammation over a period of hours (Y/N): N
DRESSING: Nonadherent dressing, splint, and coban to be changed daily and PRN.

## PLAN:

### New Medication Orders:

| Rx# | Medication | Order Date |
|---|---|---|
| | Amoxicillin/Clav 875MG/125MG TAB | 08/26/2021 17:20 |

**Prescriber Order:**   875-125 mg Orally  every 12 hours x 10 day(s)
Start Now:  Yes
Night Stock Rx#:   12607-TOM
Source:  Night Stock
Admin Method:  Self Administration
Stop Date:  09/05/2021 17:19
MAR Label:  day(s)
One Time Dose Given:  No

### New Consultation Requests:

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|---|---|---|---|---|---|
| Orthopedic Surgery | 08/30/2021 | 08/30/2021 | Urgent | No | |
| Subtype: | | | | | |

Inmate Name: POITRA, JOSHUA JOHN     Reg #: 10472-059
Date of Birth: 03/13/1991     Sex: M    Race: AMERICAN    Facility: TOM
Encounter Date: 08/26/2021 17:20     Provider: Thulion, A. RN     Unit: I01

---

Acute Fracture, repair, reduction

Reason for Request:

Fracture of phalanx of right index finger; Laceration of right hand.

**New Non-Medication Orders:**

| Order | Frequency | Duration | Details | Ordered By |
|-------|-----------|----------|---------|------------|
| Dressing Changes | Daily | 10 days | Nonadherent dressing, splint, coban. Order to be extended if necessary. | Fateh Hyder, Syed (MAT) Regional Medical Director/NCRO |

Order Date:     08/26/2021

Schedule:

| Activity | Date Scheduled | Scheduled Provider |
|----------|----------------|--------------------|
| Follow-up | 08/30/2021 00:00 | Physician 01 |

Fracture of phalanx of right index finger; Laceration of right hand. Ortho Surgery consult placed.

**Disposition:**

Follow-up at Sick Call as Needed

To be Evaluated by Provider

Consultation Written

**Other:**

Patient allergies reviewed and updates applied during this visit if indicated. See Chart: Allergies for most recent patient allergy list.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|----------------|--------|---------------|----------|---------|
| 08/26/2021 | Counseling | Access to Care | Thulion, A. | Verbalizes Understanding |
| 08/26/2021 | Counseling | Compliance - Treatment | Thulion, A. | Verbalizes Understanding |
| 08/26/2021 | Counseling | Plan of Care | Thulion, A. | Verbalizes Understanding |

**Copay Required:** No     **Cosign Required:** Yes

**Telephone/Verbal Order:** Yes    **By:** Fateh Hyder, Syed (MAT) Regional Medical Director/NCRO

**Telephone or Verbal order read back and verified.**

Completed by Thulion, A. RN on 08/26/2021 17:40

Requested to be cosigned by Fateh Hyder, Syed (MAT) Regional Medical Director/NCRO.

Cosign documentation will be displayed on the following page.



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

08-15-2022

JOSHUA POITRA, #10472-059
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN 47808

> Re: Administrative Claim for Damages
> Claim #:      TRT-NCR-2022-06278          $ 250,000.00

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your claim was received on 07-19-2022. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 01-18-2023.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

Sincerely,
Mary A. Noland
Regional Counsel

Issued in College Park, Georgia, on November 1, 2023.

**Andreese C. Davis,**

*Manager, Airspace & Procedures Team South, Eastern Service Center, Air Traffic Organization.*

[FR Doc. 2023–24543 Filed 11–6–23; 8:45 am]

**BILLING CODE 4910–13–P**

---

# DEPARTMENT OF JUSTICE

## Bureau of Prisons

## 28 CFR Part 543

[BOP–1180–I]

RIN 1120–AB80

## Federal Tort Claims Act—Technical Changes

**AGENCY:** Bureau of Prisons, Justice.

**ACTION:** Interim rule.

---

**SUMMARY:** In this document, the Bureau of Prisons (Bureau) makes minor revisions to our regulations regarding the Federal Tort Claims Act that clarify requirements for presenting claims and correct obsolete and/or incorrect references to Bureau offices.

**DATES:** This rule is effective November 7, 2023. Electronic comments must be submitted, and written comments must be postmarked, no later than 11:59 p.m. on January 8, 2024.

**ADDRESSES:** Please submit electronic comments through the *regulations.gov* website, or mail written comments to the Legislative & Correctional Issues Branch, Office of General Counsel, Bureau of Prisons, 320 First Street NW, Washington, DC 20534.

**FOR FURTHER INFORMATION CONTACT:** Daniel J. Crooks III, Assistant General Counsel, Federal Bureau of Prisons, at the address above or at (202) 353–4885.

**SUPPLEMENTARY INFORMATION:** Please note that all comments received are considered part of the public record and made available for public inspection online at *www.regulations.gov.* If you want to submit personal identifying information (such as your name, address, etc.) as part of your comment, but do not want it to be posted online, you must include the phrase "PERSONAL IDENTIFYING INFORMATION" in the first paragraph of your comment. You must also locate all the personal identifying information you do not want posted online in the first paragraph of your comment and identify what information you want redacted.

If you want to submit confidential business information as part of your comment but do not want it to be posted online, you must include the phrase "CONFIDENTIAL BUSINESS INFORMATION" in the first paragraph of your comment. You must also prominently identify confidential business information to be redacted within the comment. If a comment contains so much confidential business information that it cannot be effectively redacted, all or part of that comment may not be posted *www.regulations.gov.*

Personal identifying information identified and located as set forth above will be placed in the agency's public docket file, but not posted online. Confidential business information identified and located as set forth above will not be placed in the public docket file. If you wish to inspect the agency's public docket file in person by appointment, please see the **FOR FURTHER INFORMATION CONTACT** paragraph.

## I. Discussion

In this document, the Bureau makes minor revisions to regulations in 28 CFR part 543, subpart C—Federal Tort Claims Act that clarify requirements for presenting claims and correct obsolete and/or incorrect references to Bureau offices. Each of these minor changes is discussed below.

*Where to present the claim.* The Bureau revises section 543.31, paragraph (c), to delete extraneous language and language indicating that if a loss or injury occurs in a training center, claimants may forward claims to the Associate General Counsel, Federal Law Enforcement Training Center. This inaccurately identifies the appropriate office designated to receive claims involving Bureau training centers. Claims are now accepted and processed at the appropriate Bureau Regional Counsel office for the region in which the training center is located.

*Deletion of "a training center."* Also in section 543.32, Processing the claim, the Bureau deletes the phrase "a training center" in paragraph (b). This paragraph indicates that if a claim is submitted to the incorrect office, the claimant will be notified that the claim was transferred to the appropriate office. The appropriate office may be another BOP office or another Federal agency. It will no longer refer to a training center, however, because such claims will no longer be processed there (see discussion above on "where to present the claim").

*Requests for additional information during investigations of claims.* The Bureau deletes "rejection or" in the last sentence of section 543.32(c) to clarify that, after a claim has been properly

presented and an investigation initiated, if a claimant fails to provide requested information, the claim may be denied.

*Specificity of office designation.* In paragraph (d) of section 543.32, regarding the offices with authority to deny or propose settlement of a claim, the Bureau clarifies that the Associate General Counsel, Litigation Branch, in the Office of General Counsel will investigate and propose settlement, and that if the proposed settlement exceeds the authority granted to the Bureau of Prisons (not authority granted to the Office of General Counsel), the General Counsel will seek Department of Justice approval.

*No consideration of appreciation/ depreciation.* Finally, the Bureau deletes paragraph (f) of section 543.32, regarding the consideration of appreciation or depreciation of lost or damaged property during settlement of a claim. The Bureau deletes this paragraph because the former Department of Justice policy that required consideration of appreciation or depreciation, Policy Statement 2110.23C (Filing And Settlement Of Claims Of Civilian Personnel For Damages To Or Loss Of Personal Property Incident To Service), was replaced with 1400.05 (Claims for Damage to, or Loss of, Personal Property), which does not allow for the use of appreciation/depreciation to determine the value of lost or damaged property. The Bureau also adjusts the designation of the paragraphs that follow to account for this deletion.

## II. Regulatory Analyses

### Administrative Procedure Act.

"Unless a statutory exception applies, the APA requires agencies to publish a notice of proposed rulemaking in the **Federal Register** before promulgating a rule that has legal force." *Little Sisters of the Poor Sts. Peter & Paul Home* v. *Pennsylvania,* 591 U.S.---, 140 S. Ct. 2367, 2384 (2020). The Administrative Procedure Act (5 U.S.C. 553(b)(3)(B)) allows exceptions to notice-and-comment rulemaking "when the agency for good cause finds . . . that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." Further, sec. 553(d) provides an exception to the usual requirement of a delayed effective date when an agency finds "good cause" that the rule be made immediately effective.

An agency may claim notice and comment is "unnecessary" where the administrative rule is a routine determination, insignificant in nature and impact, and inconsequential to the

industry and public. *Mack Trucks, Inc.* v. *EPA,* 682 F.3d 87, 94 (D.C. Cir. 2012); *Util. Solid Waste Activities Grp.* v. *EPA,* 236 F.3d 749, 754–55 (D.C. Cir. 2001). Unlike previous Bureau interim rules courts have addressed, this Interim Rule is by its nature non-substantive, functioning only as updated step-by-step guidance for how individuals, including current and former inmates, can present administrative tort claims. *Cf. Paulsen* v. *Daniels,* 413 F.3d 999 (9th Cir. 2005) (holding the Bureau violated the APA by issuing an interim rule that had "the effect . . . [of] deny[ing] program eligibility to certain categories of inmates . . .).

This rulemaking is exempt from normal notice-and-comment procedures because advance notice and public comment in this instance are unnecessary. The change to this regulation is non-substantive, minor, routine, insignificant, and made only to clarify Federal Tort Claims Act processing. This rulemaking makes no change to any rights or responsibilities of the agency or any regulated entities. Instead, this rulemaking seeks to promptly clarify legal procedures primarily for the benefit of individuals, including current and former federal inmates, who present administrative tort claims against the Bureau. For the same reasons, the Bureau finds that "good cause" exists to make this rule effective upon publication. Nevertheless, the Bureau invites public comment on this Interim Rule.

*Executive Orders 12866 and 13563.* This rule does not fall within a category of actions that the Office of Management and Budget (OMB) has determined constitutes a "significant regulatory action" under section 3(f) of Executive Order 12866 and, accordingly, it was not reviewed by OMB. The economic impact of this proposed rule is limited to inmates in the custody of the Federal Bureau of Prisons.

*Executive Order 13132.* This rule will not have substantial direct effect on the States, on the relationship between the National Government and the States, or on distribution of power and responsibilities among the various levels of government. Therefore, under Executive Order 13132, the Bureau determines that this rule does not have sufficient federalism implications to warrant the preparation of a Federalism Assessment.

*Regulatory Flexibility Act.* The Director of the Bureau of Prisons, under the Regulatory Flexibility Act (5 U.S.C. 605(b)), reviewed this rule and by approving it certifies that it will not have a significant economic impact upon a substantial number of small

entities for the following reasons: This rule pertains to the correctional management of offenders committed to the custody of the Attorney General or the Director of the Bureau of Prisons, and its economic impact is limited to the Bureau's appropriated funds.

*Unfunded Mandates Reform Act of 1995.* This rule will not result in the expenditure by State, local and tribal governments, in the aggregate, or by the private sector, of $100,000,000 or more in any one year, and it will not significantly or uniquely affect small governments. Therefore, no actions were deemed necessary under the provisions of the Unfunded Mandates Reform Act of 1995.

*Congressional Review Act.* This rule is a not major rule as defined by the Congressional Review Act, 5 U.S.C. 804. This proposed rule will not result in an annual effect on the economy of $100,000,000 or more; a major increase in costs or prices; or significant adverse effects on competition, employment, investment, productivity, innovation, or on the ability of United States-based companies to compete with foreign-based companies in domestic and export markets.

### List of Subjects in 28 CFR Part 543

Prisoners.

**Colette S. Peters,**
*Director, Federal Bureau of Prisons.*

Under rulemaking authority vested in the Attorney General in 5 U.S.C 301; 28 U.S.C. 509, 510 and delegated to the Director of the Bureau of Prisons in 28 CFR 0.96, the Bureau revises 28 CFR part 543 as follows.

## PART 543—LEGAL MATTERS

■ 1. The authority citation for 28 CFR part 543 continues to read as follows:

**Authority:** 5 U.S.C. 301; 18 U.S.C. 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 5006–5024 (Repealed October 12, 1984 as to Offenses committed after that date), 5039; 28 U.S.C. 509, 510, 1346(b), 2671–80; 28 CFR 0.95–0.99, 0.172, 14.1–11.

### Subpart C—Federal Tort Claims Act

■ 2. Revise paragraph (c) of § 543.31 to read as follows:

### § 543.31    Presenting a claim.

\*    \*    \*    \*    \*

(c) *Presenting a claim.* You may either mail or deliver the claim to the regional office in the region where the loss or injury occurred. If the loss or injury occurred in the Central Office, you may either mail or deliver the claim to the

Office of General Counsel, Central Office. A list of addresses for all the Bureau institutions and offices can be found at *www.bop.gov*.

■ 3. Revise paragraphs (a) through (d) and (f) of § 543.32 to read as follows:

### § 543.32  Processing the claim.

(a) *Receipt of acknowledgment letters.* If you have presented a claim signed by you or a duly authorized agent or legal representative that provides all the necessary information (such as time, date, and place where the incident occurred, and a specific sum of money you are requesting as damages), you will receive an acknowledgment letter indicating the presentment date and a claim number. If your submission is unsigned, or signed by a person without legal authority to present the claim on your behalf, or you fail to provide all necessary information, your submission will be rejected and returned to you for resubmission. The presentment date is the date your submission containing all required signatures and necessary information is first received by either the Department of Justice or an office of the Bureau of Prisons. You should refer to your claim number in all further correspondence with the agency. Additionally, you must inform the agency of any changes in your address.

(b) *Transfer of claims.* If your claim is improperly submitted to the wrong office or agency, you will be notified by the responsible office that your claim was transferred to another regional office, the Central Office, or another agency.

(c) *Investigation.* The regional office ordinarily refers the claim to the appropriate institution or office for investigation. You may also be required to provide additional information during the investigation. Your failure to respond within a reasonable time may result in the denial of the claim.

(d) *Administrative claim decisionmaker.* The Regional Counsel or his or her designee reviews the investigation and the supporting evidence and renders a decision on all claims properly presented to the regional office and within regional settlement authority. The Regional Counsel has limited settlement authority (up to an amount established by the Director of the Bureau of Prisons). After considering the merits of the claim, the Regional Counsel may deny or propose a settlement of the claim. The Associate General Counsel, Litigation Branch, will investigate and propose settlement for all claims properly presented in the Central Office in accordance with delegated settlement authority. If the proposed settlement

exceeds the Bureau of Prisons' authority, the General Counsel will seek approval from the appropriate Department of Justice officers.

\*     \*     \*     \*     \*

(f) *Options if claim is denied or settlement offer is unsatisfactory.* If your claim is denied or you are dissatisfied with a settlement offer, you may request in writing that the Bureau of Prisons reconsider your claim in the administrative stage. You should include additional evidence of injury or loss to support your request for reconsideration. If you are dissatisfied with the final agency action, you may file suit in an appropriate United States District Court, as no further administrative action is available.

(g) *Acceptance of settlement.* If you accept a settlement, you give up your right to bring a lawsuit against the United States or against any employee of the government whose action or lack of action gave rise to your claim.

(h) *Response timeline.* Generally, you will receive a decision regarding your claim within six months of when you properly present the claim. If you have not received a letter either proposing a settlement or denying your claim within six months after the date your claim was presented, you may assume your claim is denied. You may then proceed to file a lawsuit in the appropriate United States District Court.

\*     \*     \*     \*     \*

[FR Doc. 2023–24384 Filed 11–6–23; 8:45 am]
**BILLING CODE 4410–05–P**

---

## FEDERAL MEDIATION AND CONCILIATION SERVICE

### 29 CFR Part 1406

**RIN 3076–AA26**

### FMCS Terms of Service

**AGENCY:** Federal Mediation and Conciliation Service.

**ACTION:** Final rule.

**SUMMARY:** The Federal Mediation and Conciliation Service (FMCS) is issuing this final rule for FMCS clients. This rulemaking sets forth terms for FMCS's provision of services. This rulemaking further expounds upon confidentiality rules associated with FMCS's services.

**DATES:** This final rule is effective December 7, 2023.

**FOR FURTHER INFORMATION CONTACT:** Alisa Zimmerman, Deputy General Counsel, Office of General Counsel, Federal Mediation and Conciliation Service, 250 E St SW, Washington, DC

20427; Office/Fax/Mobile 202–606–5488; *azimmerman@fmcs.gov*.

**SUPPLEMENTARY INFORMATION:**

### I. Background

The Federal Mediation and Conciliation Service (FMCS) works to build better, more effective workplace relationships and mitigate the damage from inevitable conflict through preventive dialogue, honest communication, and responsive strategies. Through our mission, FMCS provides professional services to a wide range of Federal, state, and local government agencies to resolve disputes, design conflict management systems, build capacity for constructive conflict management, and strengthen inter-agency and public-private cooperation. In offering these services, FMCS recipients must agree to abide by the final rule to preserve the integrity of the provided services.

### II. Analysis of the Regulations

*Section 1406.1    General Terms of Service*

Paragraphs (a) through (g) set forth general terms of service applicable to all FMCS services. More specifically:

Paragraph (a) explains that when FMCS services are chosen, recipients of the services agree to abide by the terms as well as any other terms of services provided by FMCS and will hold FMCS and any FMCS neutral harmless.

Paragraph (b) notes FMCS will determine the date, time, and manner of services in accordance with applicable statutes and regulations.

Paragraph (d) explains that any person shadowing an FMCS neutral agrees to be bound by the same confidentiality standards as the FMCS neutral, which will be honored by the parties.

Paragraph (e) notes that FMCS recognizes the importance of mediator confidentiality, and as such FMCS will not produce materials related to a mediation, with some exceptions.

Paragraph (f) states that this section does not negate or modify FMCS's Confidential Commercial Information (CCI) regulation.

Paragraph (g) discusses that FMCS will make the terms publicly available and make a copy available to all parties upon request.

*Section 1406.2    Terms of Service for Mediation, Facilitation, and Other Alternative Dispute Resolution Services*

Paragraphs (a) through (g) sets forth additional terms of service specific to mediation, facilitation, & other alternative dispute resolution services provided by FMCS.